**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0008-16T3

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CREDIT SUISSE
FIRST BOSTON MORTGAGE SECURITIES
CORP., CSMC MORTGAGE-BACKED
PASS-THROUGH SECURITIES,
SERIES 2006-6,

    Plaintiff-Respondent,

v.

CHRISTINE COPPOLA, MR.
COPPOLA, HUSBAND OF CHRISTINE
COPPOLA, ROBERT JOHN COPPOLA,
MRS. ROBERT JOHN COPPOLA, HIS
WIFE,

    Defendants-Appellants.

_____

> Submitted October 10, 2017 — Decided November 8, 2017
>
> Before Judges Ostrer and Whipple.
>
> On appeal from Superior Court of New Jersey,
> Chancery Division, Essex County, Docket No.
> F-020791-13.
>
> Andy Winchell, attorney for appellants.
>
> Reed Smith, LLP, attorneys for respondent
> (Henry F. Reichner, of counsel and on the
> brief).

PER CURIAM

Defendants, Robert and Christine Coppola, appeal from a July 19, 2016 judgment of foreclosure. Defendants contend the trial court erred in finding plaintiff had standing to foreclose. Because plaintiff is a non-holder in possession of the note with the rights of the holder, we affirm.

Defendant Christine Coppola borrowed $371,000 from NJ Lenders Corp. (NJ Lenders). In 2006, the loan was secured by a mortgage executed by Christine and Richard Coppola naming the Mortgage Electronic Registration System, Inc. (MERS) as mortgagee and nominee for NJ Lenders. On May 12, 2006, NJ Lenders indorsed the note and delivered it to Wells Fargo Bank, NA (Wells Fargo), plaintiff's document custodian and loan servicer. On or about March 20, 2012, the loan was sold and the mortgage was assigned to plaintiff.

Defendants defaulted on the note, and, in January 2013, plaintiff commenced a foreclosure action. A bench trial was conducted on May 20, 2015. A Wells Fargo loan verification analyst testified regarding the documents sought to be admitted into evidence. The judge found the analyst's testimony sufficient to admit the documents and determined plaintiff had standing to foreclose. The judge determined plaintiff had standing because

there was an assignment of the mortgage before the complaint was filed. This appeal followed.

Defendants argue the trial judge erred in finding plaintiff had standing to foreclose because it did not own the underlying debt. We disagree.

We accord "substantial deference" to the trial judge's determination and review the decision for an abuse of discretion. Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing U.S. Bank Nat'l Assoc. v. Guillaume, 209 N.J. 449, 467 (2012)). We will find a judge abused his or her discretion only "when a decision is 'made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Assoc., supra, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

A party attempting to foreclose a mortgage "must own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). Parties who can enforce such a negotiable instrument, like a note, include "[1] the holder of the instrument, [2] a nonholder in possession of the instrument who has the rights of a holder, or [3] a person not in possession of the instrument who

is entitled to enforce the instrument pursuant to [N.J.S.A.] 12A:3-309 or subsection d of [N.J.S.A.] 12A:3-418." N.J.S.A. 12A:3-301.

Regarding the first category, a person to whom the instrument is not payable may become the holder if there is a negotiation. Ford, supra, 418 N.J. Super. at 598 (citing N.J.S.A. 12A:3-201(a)). In order for a negotiation to occur, there must be a transfer of possession and an indorsement by the holder. Mitchell, supra, 422 N.J. Super. at 223. An indorsement requires "a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of negotiating the instrument." Ibid. (quoting N.J.S.A. 12A:3-204(a)). Without an indorsement, standing may be insufficient to satisfy this category. Ford, supra, 418 N.J. Super. at 598.

To fall within the second category, one must show the transfer of rights to the note. Id. at 599. Transfer occurs "when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument." N.J.S.A. 12A:3-203(a). This transfer "vests in the transferee any right of the transferor to enforce the instrument" whether or not a negotiation also occurs. N.J.S.A. 12A:3-203(b).

> If the transferee is not a holder because the transferor did not indorse, the transferee is nevertheless a person entitled to enforce the

instrument under section 3-301 if the transferor was a holder at the time of transfer. Although the transferee is not a holder, under subsection (b) the transferee obtained the rights of the transferor as holder.

[UCC Cmt. 2 to N.J.S.A. 12A:3-203.]

Documents establishing transfer, including an assignment of a mortgage, must be properly authenticated with certifications based on personal knowledge, as required by Rule 1:6-6. Ford, supra, 418 N.J. Super. at 599-600.

Here, the record establishes plaintiff is a non-holder in possession of the note with the rights of the holder. MERS was the mortgagee as nominee for NJ Lenders, its successors and assigns. MERS delivered the original note to Wells Fargo as plaintiff's custodian and servicer and the mortgage was assigned prior to the filing of the complaint.

Based upon the record before us, we see no reason to disturb the trial judge's findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0008-16T3